David **STUBBS, Individually and d/b/a Stubbs Dental Laboratories,** Appellant,

v.

**PATTERSON DENTAL LABORATORIES et al.,** Appellees.

**No. 5217.**

Court of Civil Appeals of Texas, Eastland.

Oct. 26, 1978.

J. Andrew Rollins, Arlington, for appellant.

Arlen D. Bynum and Roy L. Stacy, Bradshaw & Bynum, Dallas, for appellees.

McCLOUD, Chief Justice.

Plaintiff, David Stubbs, d/b/a Stubbs Dental Laboratories, hereinafter referred to at times as "Stubbs," sued defendants, Patterson Dental Laboratories, McKinney Dental Laboratories, Patterson-McKinney Laboratories, Inc., Denticon Laboratories, and American Hospital Supply Corporation, hereinafter referred to at times as Patterson-McKinney, seeking damages from having been temporarily enjoined by defendants, former employer of plaintiff, from operating a dental laboratory. Stubbs alleged he was coerced by fraud and undue influence into signing an employment contract, containing a non-competitive provision, by defendants who schemed and conspired to discharge him, and deprive him of the means to practice his profession. The instant suit was filed on August 24, 1977, in Cause No. 77–8550–G in the 134th Judicial District Court of Dallas County. The trial court granted defendants' motion for summary judgment based on the doctrine of res judicata. Stubbs appeals. We reverse and remand.

The summary judgment proof shows that Patterson-McKinney on November 25, 1975, filed suit against Stubbs in Cause No. 75–

11830–I, in the 162nd Judicial District Court of Dallas County, seeking a temporary injunction, permanent injunction, and attorney's fees, resulting from the alleged violation by Stubbs of the non-competitive agreement. Patterson-McKinney sought a temporary injunction, pending final trial, or until May 28, 1976, whichever date occurred first. On December 12, 1975, the trial court entered a "temporary injunction" enjoining Stubbs from engaging in any business, within a designated geographical area, in competition with the dental lab or dental supply company of Patterson-McKinney. The temporary injunction provided that it would remain in effect until final hearing on the permanent injunction or until final order of the court. On September 27, 1976, the judge in Cause No. 75–11830–I signed the following order:

### ORDER OF DISMISSAL

On motion of the Plaintiffs;

IT IS ORDERED, ADJUDGED AND DECREED that the above entitled and numbered cause is dismissed with prejudice to the refiling of same in any form, with costs to be taxed against the Plaintiffs.

■ Patterson-McKinney, in the instant suit, argues the trial court correctly granted the summary judgment because the claim asserted by Stubbs arose out of the transaction or occurrence that was the subject matter of the first suit and since the trial court in the first suit had entered a temporary injunction and later dismissed the first suit "with prejudice," the res judicata plea was proper. We disagree.

■ A final judgment on the merits in a case will be conclusive, as to any "compulsory counterclaim" required to be asserted under Rule 97, T.R.C.P. *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973).

■ The summary judgment proof in the instant case does not conclusively establish that a final judgment on the merits was entered in the first suit. The rule is stated in 34 Tex.Jur.2d Judgments § 468 (1962) as follows:

Generally, only a final judgment can be res judicata.

An interlocutory judgment or order, that is, one made pending the cause and before the hearing on the merits, cannot, as a rule, operate as res judicata, since, to support a plea of res judicata, there must be a final judgment that settles the issues on their merits and, until a final decree is entered, an interlocutory order is subject to the control of the trial court and is open to reconsideration and revision.

See also: 2 Freeman, Law of Judgments § 717 (1925); *Dallas General Drivers v. Vilbig Bros.*, 225 S.W.2d 617 (Tex.Civ.App. —Dallas 1949, writ ref'd n. r. e.).

Defendants cite *Texaco, Inc. v. Parker*, 373 S.W.2d 870 (Tex.Civ.App.—El Paso 1963, writ ref'd n. r. e.), a case involving a previous temporary injunction and subsequent plea of res judicata, as an example of an exception to the general rule. A close reading of *Texaco, Inc. v. Parker* and the later case of *Furr's, Inc. v. United Specialty Advertising Company*, 385 S.W.2d 456 (Tex. Civ.App.—El Paso 1964, writ ref'd n. r. e.) by the same appellate court reveals that the principle applied was "law of the case" and not res judicata. In both cases, the temporary injunction in the first case had been appealed to the appellate court. While the courts in *Daniel v. Kittrell*, 188 S.W.2d 871 (Tex.Civ.App.—Waco 1944, no writ) and *Wilson v. Abilene Independent School Dist.*, 204 S.W.2d 407 (Tex.Civ.App.—Eastland 1947, writ ref'd n. r. e.) speak in terms of res judicata, the temporary injunction in the prior cases had been appealed, and it appears the appropriate principle applied was the "law of the case" and not the doctrine of "res judicata."

The law of the case has no application to the instant suit. The temporary injunction in the first suit was not appealed by Stubbs. 4 Tex.Jur.2d Rev., Part 2, Appeal & Error— Civil Cases § 997 (1974).

We do not think the words, "dismissed with prejudice," contained in the order of dismissal, improves defendants' position. The order of dismissal with prejudice entered in the first case on motion of Patter-

son-McKinney was not a final judgment on the merits. We find no Texas case directly in point. The Supreme Court of California, however, in *Goddard v. Security Title Ins. & Guarantee Co.*, 83 P.2d 24 (1938) aff'd on rehearing, 14 Cal.2d 47, 92 P.2d 804 (1939), when confronted with an order containing a notation of "dismissed with prejudice," where the dismissal order was clearly not on the merits, stated it was the nature of the action and the character of the judgment that determines whether it is res judicata, and if the judgment is clearly not on the merits, the words "with prejudice" add nothing to the effect of the judgment. The court added:

> The authorities which purport to hold that judgments of dismissal "with prejudice" are res judicata are nearly all distinguishable upon careful examination. One type of case is based upon that situation where by statute or practice this kind of judgment is used after a determination on the merits, and it is a bar, not because of the use of the words "with prejudice", but because the judgment was in fact on the merits and that form was used to describe it. See 2 Freeman on Judgments, (5th Ed.), sec. 752, p. 1581. Other cases are concerned with dismissals by consent or stipulation of the parties, after compromise or settlement of the suit, where the dismissal is intended to operate as a retraxit and end the litigation. In such cases the judgment of dismissal is entered "with prejudice" and is of course a bar to a subsequent suit. . .

See 149 A.L.R. 553 (1944).

Texas courts have held that a judgment of dismissal, entered by agreement of the parties pursuant to a settlement of the controversy, becomes a judgment on the merits where the judgment contains the words "with prejudice," *Dollert v. Pratt-Hewit Oil Corp.*, 179 S.W.2d 346 (Tex.Civ.App.—San Antonio 1944, writ ref'd) as well as where the judgment does not contain such words. *Rhoades v. Prudential Leasing Corporation*, 413 S.W.2d 404 (Tex.Civ.App.—Austin 1967, no writ). The instant suit is not one where the parties entered into a compromise and settlement of the first case. The judgment of dismissal in the first case was entered on the motion of Patterson-McKinney.

Plaintiff is not collaterally attacking the judgment of dismissal in the first case. As stated in *Pueblo De Taos v. Archuleta*, 64 F.2d 807 (10th Cir. 1933):

> The court may and must inspect a judgment pleaded in bar, and if necessary explore the record, to ascertain what was determined by it. *Swift v. McPherson*, 232 U.S. 51, 34 S.Ct. 239, 58 L.Ed. 499; *Larkin Packer Co. v. Hinderliter Tool Co.* (C.C.A.10) 60 F.2d 491, 495. That is the appropriate and conventional method used in the cases above cited in arriving at the conclusion that the prior order of dismissal did not bar a subsequent action. Such inspection is not a collateral attack on the judgment entered; it determines only that there was no such adjudication of right as will bar another action. A judgment is not attacked by ascertaining its scope.

We think the trial court erred in concluding that the doctrine of res judicata barred plaintiff's suit. Judgment of the trial court is reversed and the cause is remanded.