Joe Charles HALIBURTON, Appellant,

v.

Woodrow Wilson RILEY, Appellee.

No. 6117.

Court of Civil Appeals of Texas, Waco.

Oct. 25, 1979.

Walter S. Smith, Jr., Haley, Fulbright, Winniford, Bice & Davis, Waco, for appellant.

Charles A. Youts, McClintock, Herring & Youts, Waco, for appellee.

HALL, Justice.

This is a suit for damages to an automobile sustained in its collision with another motor vehicle. This is the second suit stemming from the accident. The first suit, filed by appellee Riley against appellant Haliburton, ended in a voluntary dismissal "with prejudice" by Riley. Thereafter, Haliburton filed the present suit against Riley. It was abated on Riley's motion. Haliburton brought this appeal. We reverse.

The record establishes that on January 16, 1977, an automobile operated by Haliburton and a pickup truck operated by Riley were involved in a collision in the City of Waco. On October 6, 1977, Riley filed suit against Haliburton in the 19th Judicial District Court of McLennan County, Texas, for his damages arising from the accident. On November 28, 1977, Haliburton answered with a general denial. On December 9, 1977, Riley filed a motion to dismiss the suit "with prejudice" stating as his only ground therefor that "he no longer wishes to prosecute this case." On December 9, 1977, the motion was granted, and judgment was rendered dismissing Riley's suit with prejudice.

On October 13, 1978, Haliburton filed the instant suit against Riley in the 170th Judicial District Court of McLennan County, Texas, for recovery of his damages arising from the collision. On October 19, 1978, Riley filed a plea in abatement to Haliburton's suit, pleading the prior suit and its dismissal, alleging that "this exact same matter, between these exact same parties, has already been litigated" in the prior cause, and asserting that "said cause of action has been dismissed with prejudice as to either party refiling the same." After a hearing before the court without a jury, the plea in abatement was sustained.

The order granting Riley's motion to dismiss the prior suit recited as its only basis that "said motion is well taken." Evidence was adduced on the hearing of the plea in abatement in the present suit which supports an implied finding that Riley's motion to dismiss his suit with prejudice and the termination of his suit on that basis were agreed to orally by Haliburton's attorney prior to the filing of the motion, but there was no evidence that the motion or the judgment of dismissal were based upon an oral or written settlement of Riley's suit or upon a settlement stipulated into the record of the prior suit, and there was no evidence showing why the suit was dismissed with prejudice. Haliburton's attorney testified that although he consented to the dismissal in a telephone conversation with Riley's attorney, there was no agreement "that all the dispute between the parties would be settled in that matter." He said, "I knew that he had some property damage and that there might be a subrogation claim or some claim on that and I had no control over that whatsoever. I had no agreement relative to any claim that Mr. Haliburton might have."

■ Ordinarily, the dismissal of a suit is not an adjudication of the issues in the case; "it merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought." *Crofts v. Court of Civil Appeals* (Tex.1962) 362 S.W.2d 101, 104. Accordingly, in *Cass County v. Rambo*, 135 Tex. 476, 143 S.W.2d 916, 920 (1940), it was held that dismissal pursuant to an agreement between the plaintiff and defendant amounting only to an agreement to dismiss, and not a compromise and settlement of the case on its merits, was not res judicata as to a subsequent action by the plaintiff on the same claim.

■ Additionally, under the provisions of Rule 97, Vernon's Tex.Rules Civ.Proc., the dismissal of Riley's suit would not bar Haliburton's claim even if the dismissal had been based upon a compromise and settlement of Riley's claim. The pertinent part of Rule 97 is paragraph (a), which provides as follows:

(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction; provided, however, that a judgment based upon a settlement or compromise of a claim of one party to the transaction or occurrence prior to a disposition on the merits shall not operate as a bar to the continuation or assertion of the claims of any other party to the transaction or occurrence unless the latter has consented in writing that said judgment shall operate as a bar.

Haliburton's claim was a compulsory counterclaim to Riley's suit within the terms of the rule, but even if the dismissal of Riley's suit had been based upon a settlement of his claim the judgment would not bar Haliburton's suit because Haliburton has not "consented in writing that said judgment shall operate as a bar" as required by the rule.

Although there is case law to the effect that a voluntary dismissal of a complaint "with prejudice" operates as an adjudication on the merits, it is said that most such cases "are rested on the ground that the judgment was in fact on the merits, rather than on the ground that it is entered 'with prejudice,'" and that other cases "are concerned with dismissals by consent or stipulation of the parties after compromise and settlement of the suit where the dismissal is intended to operate as a retraxit and end the litigation"; and that the weight of authority supports the proposition that the effect of the judgment as res judicata "is not enlarged by a provision purporting to make the judgment 'with prejudice.'" 149 A.L.R. 627 (1944). See also, *Stubbs v. Patterson Dental Laboratories*, 573 S.W.2d 274, 276 (Tex.Civ.App.—Eastland 1978, no writ).

In the light of the foregoing authorities, we do not believe that the judgment dismissing Riley's suit "with prejudice" operates as a bar to Haliburton's suit under the record, which shows only that Haliburton orally agreed with Riley to that action.

The judgment is reversed, and this cause is remanded for trial.