I respectfully dissent from the majority's opinion that this matter is res judicata. As stated in the majority's opinion, a subsequent action is barred only if the final judgment or decree is rendered on the merits. In the case sub judice, a careful examination of the record suggests that the federal trial court never reached the merits of appellant's claim against appellee, International Local 717.
Here, the federal trial court's laconic judgment entry fails to provide the reasoning underlying its decision to dismiss appellant's complaint. In determining that this matter is res judicata, the majority puts great stock in the fact that the federal trial court appended the phrase "dismisses the above captioned case with prejudice" to its judgment entry. However, the Supreme Court of California has noted, with respect to the phrase "dismissed with prejudice," that:
 "[s]uch a statement, if it has any definite meaning, suggests merely that the court believed that the judgment would finally conclude the controversy. But it is the nature of the action and the character of the judgment that determines whether it is res judicata. The intention of the court to make a determination on the merits may be important, but if the judgment is clearly not on the merits, the court's intention to make it a bar is immaterial. The words `with prejudice' add nothing to the effect of the judgment in such a case, no matter what light they throw on the intention of the court." (Emphasis sic.) Goddard v. Sec. Title Ins. and Guarantee Co. (1939), 14 Cal.2d 47, 54; Stubbs v. Patterson Dental Laboratories (Tex.Civ.App. 1978), 573 S.W.2d 274, 277 (the use of the phrase "dismissed with prejudice" in a judgment "is a bar, not because of the use of the words `with prejudice', but because the judgment was in fact on the merits and that form was used to describe it.")
In Metmor Financial, Inc. v. Slimmer (May 17, 1996), Trumbull App. No. 95-T-5341, 1996 Ohio App. LEXIS 2003, at 9, the trial court had dismissed the complaint "with prejudice." However, this court went beyond the language of the judgment entry to determine if, in fact, the trial court's judgment was rendered on the merits. After examining the trial court's conclusions of law and findings of fact, we determined that the decision was made on grounds other than the merits. Id. at 10-11.
Here, the motion to dismiss filed by appellee with the federal trial court is part of the record before us. Appellee attached a copy of the federal motion to dismiss to it memorandum in support of its motion for summary judgment in the instant matter, and appellant attached a copy of the motion to dismiss and the supporting memorandum to its motion in opposition to the aforementioned motion for summary judgment. No objection was interposed by either party concerning the authenticity or certification of this document. Thus, the motion to dismiss that appellee filed in the federal case was clearly part of the record in this matter.
In the motion to dismiss, appellee, International Local 717, asserted that it was not an employer under the ADA because it did "not meet the jurisdictional threshold of the [ADA] in that it [did] not employ the requisite number of employees."[9] No other grounds were given in the motion for dismissing the complaint against appellee.
As the plain language of appellee's motion indicates, the fact that appellee did not employ the requisite number of employees to come within the ambit of the ADA is strictly a jurisdictional question. A dismissal for lack of jurisdiction pursuant to Fed.Civ.R. 12(B)(2) is not an adjudication upon the merits. Fed.Civ.R. 41(b). Therefore, this author concludes that an examination of the substance of the federal trial court's decision here demonstrates that the effect of its dismissal was without prejudice, and its decision does not operate as res judicata in the instant matter.
This conclusion is further buttressed by the federal trial court's indication in its judgment entry that appellant's complaint was dismissed because appellant failed to respond to appellee's motion. Generally, appellant would have been under no obligation to respond to appellee's motion to dismiss. However, if a motion to dismiss is premised on a lack of subject matter jurisdiction and the relevant facts are contested, the party asserting jurisdiction bears the burden of establishing the required jurisdictional facts by competent proof. Grafon Corp. v. Hausermann
(C.A.7, 1979), 602 F.2d 781, 783. While there is an inherent contradiction in a trial court determining that a dismissal for lack of subject matter jurisdiction is an adjudication on the merits, the federal trial court's judgment entry in this matter would be devoid of any coherent legal reasoning unless it is read in precisely that manner. As a kindhearted soul, I am willing to give the federal trial court the benefit of the doubt in this matter and presume that it did in fact dismiss appellant's complaint for lack of subject matter jurisdiction. Thus, the inescapable conclusion is that the federal trial court's adjudication was not on the merits and did not operate as res judicata with respect to appellant's new complaint.
For the foregoing reasons, I support a reversal and remand for this matter to be tried on the merits.
[9] Appellant's current complaint was filed under the R.C. Chapter 4112, as opposed to the ADA. The definition of employer under R.C.4112.01(A)(2) includes "* * * any person employing four or more persons within the state * * *."