NO. 07-02-0018-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 13, 2003

_____

HENRY A. LABRIE AND RANDY D. CLARK, APPELLANTS

V.

JAMES RAY KENNEY, INDIVIDUALLY AND AS INDEPENDENT
EXECUTOR OF THE ESTATE OF DOROTHY EDNA KENNEY,
DECEASED, APPELLEE

_____

FROM THE 172ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. E-159,732; HONORABLE DONALD FLOYD, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

In this appeal, appellants Henry A. Labrie and Randy D. Clark (Labrie or the Labrie

parties), challenge a summary judgment in favor of appellee James Ray Kenney,

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

individually and as independent executor of the estate of Dorothy Edna Kenney, deceased (Kenney) on their claim arising from a right of first refusal agreement they had on property owned by Kenney, as well as their claim arising out of a warranty of title in a deed to a second tract of land. For reasons we later recount, we sever the portion of the judgment sustaining a plea of *res judicata*, affirm that portion of the judgment, and reverse the remainder of the judgment of the trial court.

Although the factual history underlying this dispute is somewhat involved, it is helpful in understanding the issues raised in this matter. Fred and Edna Cuniff owned a 38.792 acre tract of land in Jefferson County. Their home was located on the property. In 1994, Edna died, leaving her interest in the property to her widowed daughter, Dorothy Kenney. Later that same year, on November 28, Fred conveyed his one-half interest in the property to Dorothy and her son James with the unwritten understanding that in exchange for the conveyance, the Kenneys would care for Fred in his old age.[2] On April 12, 1995, Fred executed a correction deed correcting the description of the land.

On May 22, 1995, Dorothy and her son conveyed all but .397 acres of the tract to Labrie, Randy Clark and Thomas Ferguson.[3] On that same day, they executed a Right of First Refusal (ROFR) which provided, *inter alia,* that if the Kenneys or their successors in

_____

[2]The record suggests that Fred was in his late 80's at the time he executed the deed.

[3]Additional portions of this agreement will be referred to as necessary to a discussion of the issues presented in this appeal.

interest ever desired to sell the .397-acre tract, they would notify the Labrie parties in writing and those parties had a right to purchase the property by giving written notice and tendering $65,000 within 30 days. In December, Dorothy was killed in an automobile collision.

At some time not otherwise shown in the record, Kenney had a disagreement with Fred's primary caregiver, Elsie Hodges. In the spring of 1996, Hodges filed suit against Kenney and the Labrie parties seeking to set aside the deed from Fred to the Kenneys on the basis that Fred did not have the mental capacity to execute the deed. The suit was filed in the 136th District Court of Jefferson County. Because the record does not contain Hodges's petition, we are unable to ascertain the precise claims asserted. The Labrie parties counterclaimed against Hodges for bringing a frivolous action and against Kenney for failing to defend the title to the 38-acre tract under the warranty contained in the deed conveying the land.

In April 1997, during the pendency of the original suit, Fred Cuniff died. The following month, Kenney let the Labrie parties take possession of the property "pending closing" of the sale to them. The Labrie parties rented the property to a couple named Marshall. In August 1997, through their attorneys, the Labrie parties offered to purchase the tract for $30,000, asserting that because of Kenney's failure to maintain the property, its value had diminished substantially. On August 13, 1997, Kenney rejected this offer and gave written notice of his intent to sell the property, and reminded the Labrie parties that

they had 30 days within which to exercise their ROFR by tendering the $65,000 provided for in the ROFR, which they did not do. In April 1998, the 136th District Court dismissed, with prejudice, Hodges's suit and the counterclaims for want of prosecution.

In September 1998, the Labrie parties filed suit against Kenney again alleging that Kenney failed to defend the title to the 38-acre tract and seeking to recover the cost of that defense. They also alleged Kenney had failed to maintain the .397-acre tract and they sought to recover the difference between the property's value on the date of the ROFR and the date of suit, damages under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (Vernon 2002) (DTPA), declaratory judgment defining the rights of the parties under the ROFR, and "injunctive relief" requiring Kenney to perform his obligation under the ROFR.

In his answer to the suit, Kenney asserted the affirmative defenses of *res judicata* and waiver. He also alleged the ROFR was extinguished by the Labrie parties' failure to exercise the right and by their making an offer below the agreed price. Kenney also asserted counterclaims that the Labrie parties interfered with his sale of the property, "slandered" his title to the property, and he sought recovery of the rental income from the property. In January 2001, the Marshalls intervened in the suit, alleging they had paid $13,100 in rent to the Labrie parties and had suffered a judgment against them in that amount, plus $1,500 in attorney fees, all of which they sought recovery of from the Labrie parties.

4

In August 2001, Kenney filed the summary judgment motion and supplements giving rise to the judgment on appeal here. His original motion was a traditional one, but in the supplemental motions, he asserted no-evidence grounds. In his instruments, he sought summary judgment on the bases of *res judicata*, no misrepresentations, and an absence of contractual obligation. The trial court granted Kenney's summary judgment, dismissed all claims of the Labrie parties with prejudice, and severed Kenney's counterclaims as well as the Marshalls' claims, thereby making its summary judgment final and appealable.

The Labrie parties now challenge the judgment in a single point of error in which they contend Kenney did not establish his right to the no-evidence summary judgment because: 1) there was sufficient evidence to raise a fact question as to their rights under the ROFR; 2) there was sufficient evidence to raise fact questions as to their cause of action for deterioration of the house on the small tract; and 3) they were not entitled to claim *res judicata* "on the defense cost claims from the underlying litigation." Reversal is not required unless we find the summary judgment was not proper on any of the grounds asserted in the motion. *See Star-Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex. 1995). Therefore, as directed by Rule of Appellate Procedure 38.9, we will give a broad interpretation to the Labrie parties' issue and will treat it as a challenge to the summary judgment *en toto*.

The standards applicable to review of summary judgments are so well established that their detailed recitation is not necessary. *See Nixon v. Mr. Property Management Co.,*

5

690 S.W.2d 546, 548-49 (Tex. 1985). Rule of Civil Procedure 166a(i) permits parties to file a no-evidence summary judgment motion when there is no evidence of one or more essential elements of a claim or defense upon which an adverse party has the burden of proof. Tex. R. Civ. P. 166a(i). Because a no-evidence summary judgment is essentially the same as a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Roth v. FFP Operating Partners*, 994 S.W.2d 190, 195 (Tex. App.–Amarillo 1999, pet. denied). Thus, in considering such a judgment, our task is to ascertain whether the non-movant produced any probative evidence to raise a material fact issue. In answering this query, we consider all the evidence in the light most favorable to the party against whom the summary judgment was rendered and disregard all contrary evidence and inferences. *Id*. A no-evidence summary judgment is improper if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* Alternatively, less than a scintilla of evidence exists when the evidence does no more than create a mere suspicion of a fact. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

In their first amended petition, the Labrie parties alleged they were consumers as that term is defined in the DTPA. They also alleged that Kenney had breached the warranty of title contained in the deed conveying the 38-acre tract and also breached the

6

agreement with Fred Cuniff to support him and maintain the property which resulted in deterioration of the property.

In its entirety, paragraph V of the Labrie parties' first amended petition provided: "Plaintiffs would further show that as consumers under the Deceptive Trade Practices Act, they are entitled to recover the additional damages described within said Act." They do not state which of the laundry list of deceptive acts Kenney allegedly committed. *See* Tex. Bus. & Com. Code Ann. §17.46 (Vernon 2002). It is well established that the mere breach of a contract, without more, is not sufficient to constitute a violation of the DTPA. *Ashford Development v. U.S. Life Real Estate Services Corp.,* 661 S.W.2d 933, 935 (Tex. 1983)*.*

In his third amended answer, Kenney labeled as affirmative defenses the absence of any misrepresentations about the contents of the ROFR, title insurance covering the 38-acre tract, indemnification by the insurer, and that the Labrie parties had abandoned the ROFR by failing to exercise that right pursuant to its terms. In his original motion, Kenney sought a partial summary judgment on the Labrie parties' claim seeking recovery of the cost of defending title to the 38-acre tract. As grounds for the partial summary judgment, Kenney asserted *res judicata* and the absence of any duty requiring him to defend the title because of the existence of title insurance on the tract. In his first supplemental motion, which he titled as being "on his affirmative defense of *res judicata*, no misrepresentation, [and] absence of contractual obligation," he added no-evidence grounds under Rule 166a(i). In doing so, he specifically alleged there was no evidence: 1) contradicting the

7

affirmative defense of *res judicata*; 2) that would preclude summary judgment; 3) that appellants were consumers under the DTPA; 4) that appellants tendered the purchase price as required by the ROFR; 5) of any contract between the parties; or 6) of any misrepresentation.

Because of the manner by which the Labrie parties alleged their DTPA claim, there is some ambiguity as to conduct that might give rise to that claim. Their petition makes reference to Kenney's breach of two agreements but, as we have noted, that alone cannot support a DTPA claim. *Ashford*, 661 S.W.2d at 935. Kenney's summary judgment allegation that there was no evidence of misrepresentation is apparently directed at the Labrie parties' DTPA claim.

Rule of Civil Procedure 166a(i) authorizes a party to seek summary judgment on the basis that there is no evidence "on one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence." *Id*. A defendant has the burden of proof on any affirmative defense. *Young Refining Corp. v. Pennzoil Co.,* 46 S.W.3d 380, 385 (Tex. App.–Houston [1st Dist.] 2001, pet. denied). That being true, Kenney would not be entitled to a no-evidence summary judgment on any affirmative defense alleged by him, including *res judicata. Id.*

The requirement that a no-evidence motion state the elements on which there is no evidence requires us and the trial court to disregard Kenney's general assertion that there

8

was no evidence "precluding summary judgment." The third ground asserted by Kenney was that there was no evidence that the Labrie parties were consumers within the purview of the DTPA. Section 17.45(4) of the DTPA defines a consumer as:

> An individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more.

The Act goes on to define "goods" as encompassing both tangible chattels and real property. The pleadings and summary judgment evidence, including the evidence of the ROFR, constitute some evidence that appellants sought to acquire real property. That would be sufficient to establish them as consumers within the purview of the DTPA.

Kenney's fourth prong argument stems from the absence of evidence that appellants "ever offered to pay [Kenney] the option price of $65,000, which is mandatory and necessary for any contractual rights and obligations to accrue." The summary judgment evidence is sufficient to support a conclusion that the Labrie parties never tendered the $65,000 required by the ROFR. However, it does not support Kenney's second assertion that no contractual rights existed before the tender of the $65,000. By its own terms, the ROFR required Kenney to notify appellants of an intent to sell and to honor the Labrie parties' option to purchase if they tendered the amount required under the agreement. The warranty deed from the Kenneys to the Labrie parties also imposed contractual duties on Kenney to the Labrie parties. These instruments are sufficient to

9

dispose of Kenney's fifth contention that there was no evidence of any contractual obligation between the parties. Indeed, the ROFR instrument itself is evidence of contractual obligations.

Kenney's sixth ground was that there was no evidence of any misrepresentation made by him to the Labrie parties. Presumably, this is directed at an element of the Labrie parties' DTPA claims. In their response to Kenney's motion, the Labrie parties cited deposition testimony relating to an oral agreement between Fred Cuniff and the Kenneys that they would care for him in exchange for the conveyance of his interest in the land to them. Apparently, the Labrie parties reason that the Kenneys' representations to Fred Cuniff were misrepresentations that ultimately harmed the Labrie parties because the failure to properly care for Fred reduced the value of the .397 acre tract, and consequently, the ROFR. However, even assuming arguendo that the Labrie parties' theory was viable, their summary judgment evidence does not contain any showing that at the time the statements about care were made, the Kenneys did not intend to perform that obligation. In fact, the evidence shows the Kenneys did care for Fred for a period after the transfer and before the dispute with Elsie Hodges. Thus, the trial court could properly find there was no evidence of a misrepresentation by the Kenneys.

The declaratory relief sought by the Labrie parties in their petition was for "a declaratory judgment from the court with regard to the rights of the parties regarding this property." In its summary judgment, the trial court "dismissed with prejudice" all claims of

10

the Labrie parties. None of Kenney's summary judgment motions presented any grounds that would justify a dismissal of the Labrie parties' quest for declaratory judgment without a declaration of the parties' rights. Indeed, Kenney's motions made no reference to the Labrie parties' request for declaratory relief. When a court grants more relief than requested, the judgment is reversible but the error does not deprive this court of jurisdiction. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 204 (Tex. 2001). Accordingly*,* the trial court erred in dismissing the Labrie parties' quest for declaratory relief.

In addition to the no-evidence grounds contained in his supplemental motions for summary judgment, Kenney's original motion was a traditional one which argued *res judicata* barred the Labrie parties' claim for defense of the title to the 38-acre tract because that claim was included in the prior suit. The prior suit was docketed as number D-0154480 in the 136th District Court and was dismissed with prejudice. His claim of *res judicata* was based upon that dismissal.

A dismissal for want of prosecution is not a decision on the merits and does not prevent a party from refiling the suit. *Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980). Thus, a dismissal for want of prosecution with prejudice is improper. *Willis v. Barron*, 604 S.W.2d 447 (Tex. Civ. App.–Tyler 1980, writ ref'd n.r.e.). However, that error is subject to waiver if the trial court is not given an opportunity to correct it or if the question is not properly raised on appeal. *Andrews v. ABJ Adjusters, Inc.*, 800 S.W.2d 567, 568 (Tex. App.–Houston [14th Dist.] 1990, writ denied). Although the record suggests that the Labrie

parties challenged the dismissal by filing a motion to reinstate, no appeal was taken from the dismissal. If no appeal is taken from a dismissal with prejudice, it functions as a final determination. *See Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) (holding dismissal with prejudice can be a final determination on the merits). Thus, the dismissal with prejudice would sustain a plea of *res judicata* on the cause dismissed.

For the reasons discussed above, we sustain the Labrie parties' issue only as to the dismissal of their claim for declaratory judgment. We sever the Labrie parties' claim seeking a judgment declaring their rights under the ROFR agreement and, as severed, reverse it and remand that claim to the trial court for further proceedings in accordance with this opinion. *See* Tex. R. App. P. 44.1(b). The remainder of the trial court's judgment is affirmed.

John T. Boyd
Senior Justice

12