NO. 07-07-0039-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 15, 2008

______________________________


JOHNNY RODRIGUEZ, JR., 

                                                                                                 Appellant

v.

ICON BENEFIT ADMINISTRATORS, INC., 

                                                                                                 Appellee

_________________________________

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2006-598,648; HON. PAULA LANEHART, PRESIDING
_______________________________
 
Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Johnny Rodriguez, Jr., appeals from a final summary judgment favoring Icon Benefit
Administrators, Inc. His two issues involve the application of res judicata and due process. 
Since our resolution of the former disposes of the appeal, we turn to that issue and affirm
the judgment. 
          This appeal is the second involving these parties and the underlying dispute. The
first involved the trial court’s judgment enforcing a mediation agreement and dismissing
Rodriguez’ claims against Icon “with prejudice.” Though Rodriguez appealed, he did not
contest the inclusion of the phrase “with prejudice” in the decree. Furthermore, we
affirmed the order. Thereafter, he filed the suit from which this appeal arose. The claims
included causes of action previously alleged as well as new ones. In response, Icon
moved for summary judgment on the affirmative defense of res judicata. That motion was
granted.
          As previously mentioned, the trial court dismissed the first suit between the parties
“with prejudice.” Moreover, no one asked either the trial or appellate court to redact the
latter phrase from the decree. Thus, the determination became final for purposes of
applying the doctrine of res judicata. Labrie v. Kenney, 95 S.W.3d 722, 728-29 (Tex.
App.–Amarillo 2003, no pet.). This is true even though the trial court should not have
dismissed the cause “with prejudice.” Id.; Sommers v. Concepcion, 20 S.W.3d 27, 40 (Tex.
App.–Houston [14th Dist.] 2000, pet denied).


 Consequently, the trial court did not err in
granting summary judgment on Icon’s affirmative defense.
          There are opinions suggesting that the verbiage used in the judgment (i.e. with
prejudice) is irrelevant if it nonetheless appears that the cause was truly not an adjudication
of the merits. E.g., Stubbs v. Patterson Dental Laboratories, 573 S.W.2d 274 (Tex. Civ.
App.–Eastland 1978, no writ) and Haliburton v. Riley, 589 S.W.2d 821 (Tex. Civ.
App.–Waco 1979, no writ). However, those opinions have been seldom cited by other
courts. They also conflict with Labrie, Sommers, and the Supreme Court authority on
which the latter relied.
          Accordingly, the summary judgment is affirmed.
 
 
                                                                           Per Curiam