NO. 07-07-0039-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 15, 2008

_____

JOHNNY RODRIGUEZ, JR., APPELLANT

V.

ICON BENEFIT ADMINISTRATORS, INC., APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2006-598,648; HONORABLE PAULA LANEHART, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**DISSENTING  OPINION**

I respectfully disagree with the conclusion reached by my learned colleagues.  While

I acknowledge that this Court has previously determined that an order of dismissal, which

erroneously states that it is granted "with prejudice," operates as a bar to further

prosecution under the doctrine of *res judicata*,[1] I cannot, in good conscience, follow that authority. I would overturn *Labrie* and reverse the judgment of the trial court.

Appellant, Johnny Rodriguez, Jr., challenges a summary judgment rendered in favor of Appellee, ICON Benefit Administrators, Inc. By two points of error, he maintains (1) the trial court erred in granting summary judgment under a theory of *res judicata* as there was never a decision on the merits of his claims and because two new and different causes of action were plead against ICON, and (2) the trial court denied him his due process rights under both the Texas and United States Constitutions by granting summary judgment on a theory of *res judicata* without a full and fair hearing on the merits of his causes of action.

## Background

On March 21, 2003, Rodriguez, a City of Lubbock employee, filed suit in the 99th District Court of Lubbock County, against John Leza for injuries he sustained in an automobile collision in April 2001. After discovery progressed, Rodriguez and Leza agreed to submit the dispute to mediation. At mediation, on September 30, 2003, the parties signed a settlement agreement pursuant to Rule 11 of the Texas Rules of Civil Procedure whereby Leza agreed to pay $6,500 to settle all claims arising out of the collision. In return, Rodriguez agreed to indemnify Leza from any party claiming an interest in the settlement proceeds. Rodriguez also agreed to provide Leza either a release or a

---

[1]*Labrie v. Kenney,* 95 S.W.3d 722 (Tex.App.–Amarillo 2003, no pet.).

negotiated settlement of the claims of HMO Blue, the City of Lubbock's health insurance provider, and ICON, the workers' compensation carrier.

Unable to reach an agreement with ICON, Rodriguez did not execute the settlement documents and instead, on January 8, 2004, without leave of court, filed an amended petition adding ICON as a defendant and alleging DTPA and Insurance Code violations. On July 1, 2004, Leza filed the mediation settlement agreement with the court and moved to enforce the agreement pursuant to Rule 11. On August 6, 2004, the court held a hearing; however, neither Rodriguez nor ICON, nor their respective counsel appeared. At that hearing Leza's counsel stated, "we would like the Court to sever this case as regards the claims that are asserted between the original Plaintiff, Rodriguez, and Leza; allow us to tender the settlement money into the Registry of the Court, pending disposition of the claims between Rodriguez and [ICON]. . . ." Without further argument, the trial court responded, "Well, you know, I've got a real interesting proposition for the Plaintiff's lawyers. I don't see any Leave of Court to bring a new party into this lawsuit. . . . So I think we're going to grant your relief. Got an Order?" Thereafter, on August 12, 2004, without ICON having requested any relief, the trial court signed its judgment enforcing the mediation agreement and dismissing Rodriguez's claims against both Leza and ICON, with prejudice. Rodriguez appealed the trial court's order without contesting the "with prejudice" provision, and by opinion dated February 17, 2006, this Court affirmed the trial court's order.[2]

---

[2]*See Rodriguez v. Leza and ICON Benefit Administrators, Inc.*, No. 07-04-0463-CV, 2006 WL 385228 (Tex.App.–Amarillo Feb. 17, 2007, pet. denied) (not designated for

Thereafter, on March 17, 2006, Rodriguez filed the underlying suit against ICON in the County Court At Law No. 3 of Lubbock County asserting the DTPA and Insurance Code violations alleged in the previous suit and adding new claims for fraud, breach of contract, and declaratory judgment. ICON pleaded the affirmative defense of *res judicata* as a bar to Rodriguez's suit and moved for summary judgment. The trial court granted summary judgment and Rodriguez now appeals that judgment.

## Standard of Review

ICON moved for summary judgment based solely on the affirmative defense of *res judicata*. Thus, to be entitled to summary judgment, ICON had the burden to prove each element of that defense as a matter of law. Tex. R. Civ. P. 166a(c); *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001)*; Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex. 1995).

An appellate court reviews an order granting summary judgment *de novo. Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). In reviewing a summary judgment, this Court must apply well-established standards which are: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material

publication). The only contention raised on appeal was the trial court erred in granting *summary judgment* for ICON. Rodriguez did not present a point of error challenging the dismissal for misjoinder or the dismissal with prejudice. Because *summary judgment* was not rendered in favor of ICON, this Court held that Rodriguez's sole point of error presented nothing for review.

fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997) (citing *Nixon v. Mr. Prop. Mgmt.* Co., 690 S.W.2d 546, 548-49 (Tex. 1985)).

### *Res Judicata*

The doctrine of *res judicata* bars the relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and could have been litigated in the prior action. *Igal v. Brightstar Information Technology Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). For *res judicata* to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Id.*

Much of the difficulty associated with application of the doctrine of *res judicata* is due to the common confusion of several related theories, the imprecise and inconsistent use of the term in legal writings, and the application of the doctrine to bar a claim or cause of action not actually litigated. *Barr v. Resolution Trust Corp.*, *ex rel. Sunbelt Federal Savings*, 837 S.W.2d 627, 628 (Tex. 1992). Generally speaking, *res judicata* is a generic term for a group of related concepts concerning the conclusive effect to be given a final

5

judgment.  *Id*.  *Res judicata* claims fall into two principal categories: (1) claim preclusion (typically referred to as *res judicata*); and (2) issue preclusion (typically referred to as collateral estoppel).  *Id.* at 628.  As previously stated, *res judicata*, or claim preclusion, prevents the relitigation of a claim or cause of action that has been actually litigated in a previous suit, as well as related claims "which, through the exercise of diligence, could have been litigated in a prior suit."  *Hallco Texas, Inc. v. McMullen County,*  221 S.W.3d 50, 58 (Tex. 2006) (quoting *Getty Oil Co. v. Insurance Co. of North America,* 845 S.W.2d 794, 799 (Tex. 1992)).  Issue preclusion, or collateral estoppel, prevents relitigation of particular issues that have already been resolved in previous litigation.  *Barr,* 837 S.W.2d at 628.  The sum and substance of the doctrine of *res judicata* is that once a matter has been distinctly put in issue and directly determined by a court of competent jurisdiction, then the matter cannot be relitigated, thereby reducing unnecessary litigation and promoting confidence and reliance in the finality of litigation.  *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

Generally, a dismissal with prejudice functions as an adjudication on the merits and operates as if the case had been fully tried and decided.  *See Ritchey v. Vasquez,* 986 S.W.2d 611, 612 (Tex. 1999).  Therefore, an order dismissing a case with prejudice would ordinarily have full *res judicata* effect, barring subsequent relitigation of the same causes of action or issues between the same parties.  *See Barr*, 837 S.W.2d at 630-31.  However, the dismissal of a claim for failure to comply with a procedural rule, such as misjoinder, is not a dismissal on the merits.  *See Thomas v. Knight*, 52 S.W.3d 292, 295 (Tex.App.--

6

Corpus Christi 2001, pet. denied). Rather, it is merely an exercise of the trial court's discretion, and if the error can be remedied, dismissal with prejudice is unwarranted. *See Hickman v. Adams,* 35 S.W.3d 120, 124-25 (Tex.App.–Houston [14th Dist.] 2000, no pet.). Therefore, the dismissal of a claim with prejudice, for failure to comply with a procedural rule that could be remedied, is not a dismissal on the merits and it is not entitled to *res judicata* effect.

Appellant's failure to properly join ICON could have been remedied; therefore, the trial court's dismissal with prejudice was improper. Because Rodriguez's claims against ICON were not actually litigated in the previous suit, and because the trial court's unwarranted dismissal with prejudice cannot be asserted as a final determination on the merits, the doctrine of *res judicata* is not applicable to the facts of this case.

Stated differently, the summary judgment proof in the instant case does not conclusively establish that a final judgment *on the merits* was entered in the first suit. *See Stubbs v. Patterson Dental Laboratories*, 573 S.W.2d 274 (Tex.Civ.App.–Eastland 1978, no writ). In *Stubbs*, the defendant asserted that the prior dismissal of the plaintiff's claims "with prejudice" was sufficient to support the trial court's granting of summary judgment on the basis of *res judicata*. In finding that the dismissal with prejudice was not a final judgment on the merits, the appellate court, inter alia, observed:

> when confronted with an order containing a notation of "dismissed with prejudice" where the dismissal order [is] clearly not on the merits, . . . it [is] the nature of the action and the character of the judgment that determines whether it is *res judicata*, and if the judgment is clearly not on the merits, the words "with prejudice" add nothing to the effect of the judgment.

7

*Id.* at 277.

Here, ICON argues that because Rodriguez did not attack the propriety of the "with prejudice" statement in his first appeal, the order rendered by the district court constitutes a final determination on the merits. This reasoning improperly constrains our *de novo* review of the summary judgment record. Applying the appropriate standards, our task is to determine whether ICON conclusively established each element of its affirmative defense of *res judicata*. By necessity, that includes a determination of whether the order rendered by the district court constitutes a final determination on the merits. The summary judgment record clearly establishes that the district court's order of dismissal was based solely upon the failure of Rodriguez to obtain leave of court to add ICON as a defendant, and not upon the merits of his claim against ICON. Furthermore, the district court's order of dismissal was issued *sua sponte,* without ICON ever seeking dismissal or a determination of the merits of Rodriguez's claim. That being the case, it follows that the district court's order cannot serve as a basis for the affirmative defense of *res judicata*. Because ICON has not conclusively established the first element of its *res judicata* defense, the trial court erred in granting summary judgment.

**New Claims**

In the second case filed in county court, Rodriguez also added claims for fraud, breach of contract, and declaratory judgment in addition to the DTPA and Insurance Code violations which were asserted in the previous suit. Notwithstanding the fact that these claims could have been brought in the earlier litigation, the same considerations that bar

8

application of the doctrine of *res judicata* to the original claims also bar application of the doctrine to these claims.

Because the doctrine of *res judicata* has no application to the facts of this case, I would sustain point of error one.

## Due Process Claim

A fundamental precept of common law adjudication, embodied in the doctrine of *res judicata*, is the concept that *res judicata* cannot apply when the party against whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate the issue in the earlier case. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Because Rodriguez did not have a full and fair opportunity to litigate his claims against ICON, due process considerations should bar application of the doctrine of *res judicata* to the facts of this case. Accordingly, I would also sustain point of error two.

## Conclusion

Accordingly, I would reverse the judgment and remand this cause to the trial court for further proceedings consistent with this dissenting opinion.


Patrick A. Pirtle
Justice