NO. 07-07-0039-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 15, 2008

_____

JOHNNY RODRIGUEZ, JR.,

Appellant

v.

ICON BENEFIT ADMINISTRATORS, INC.,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2006-598,648; HON. PAULA LANEHART, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Johnny Rodriguez, Jr., appeals from a final summary judgment favoring Icon Benefit Administrators, Inc. His two issues involve the application of res judicata and due process. Since our resolution of the former disposes of the appeal, we turn to that issue and affirm the judgment.

This appeal is the second involving these parties and the underlying dispute. The first involved the trial court's judgment enforcing a mediation agreement and dismissing Rodriguez' claims against Icon "with prejudice." Though Rodriguez appealed, he did not contest the inclusion of the phrase "with prejudice" in the decree. Furthermore, we affirmed the order. Thereafter, he filed the suit from which this appeal arose. The claims included causes of action previously alleged as well as new ones. In response, Icon moved for summary judgment on the affirmative defense of res judicata. That motion was granted.

As previously mentioned, the trial court dismissed the first suit between the parties "with prejudice." Moreover, no one asked either the trial or appellate court to redact the latter phrase from the decree. Thus, the determination became final for purposes of applying the doctrine of res judicata. *Labrie v. Kenney*, 95 S.W.3d 722, 728-29 (Tex. App.–Amarillo 2003, no pet.). This is true even though the trial court should not have dismissed the cause "with prejudice." *Id.; Sommers v. Concepcion*, 20 S.W.3d 27, 40 (Tex. App.–Houston [14th Dist.] 2000, pet denied).[1] Consequently, the trial court did not err in granting summary judgment on Icon's affirmative defense.

There are opinions suggesting that the verbiage used in the judgment (*i.e.* with prejudice) is irrelevant if it nonetheless appears that the cause was truly not an adjudication of the merits. *E.g., Stubbs v. Patterson Dental Laboratories,* 573 S.W.2d 274 (Tex. Civ. App.–Eastland 1978, no writ) and *Haliburton v. Riley*, 589 S.W.2d 821 (Tex. Civ.

---

[1]*Sommers* relied on the Supreme Court decision in *Segrest v. Segrest,* 649 S.W.2d 610, 612 (Tex. 1983), wherein the court stated that "[a] final judgment settles not only issues actually litigated, but also any issues that could have been litigated. That the judgment may have been wrong or premised on a legal principle subsequently overruled does not affect application of *res judicata*." *Id.* at 612.

App.–Waco 1979, no writ).  However, those opinions have been seldom cited by other courts.  They also conflict with *Labrie*, *Sommers*, and the Supreme Court authority on which the latter relied.

Accordingly, the summary judgment is affirmed.


Per Curiam