NO. 07-07-0039-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 15, 2008

______________________________


JOHNNY RODRIGUEZ, JR., APPELLANT

V.

ICON BENEFIT ADMINISTRATORS, INC., APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2006-598,648; HONORABLE PAULA LANEHART, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.DISSENTING OPINION
          I respectfully disagree with the conclusion reached by my learned colleagues. While
I acknowledge that this Court has previously determined that an order of dismissal, which 
erroneously states that it is granted “with prejudice,” operates as a bar to further
prosecution under the doctrine of res judicata,


 I cannot, in good conscience, follow that
authority. I would overturn Labrie and reverse the judgment of the trial court.
          Appellant, Johnny Rodriguez, Jr., challenges a summary judgment rendered in favor
of Appellee, ICON Benefit Administrators, Inc. By two points of error, he maintains (1) the
trial court erred in granting summary judgment under a theory of res judicata as there was
never a decision on the merits of his claims and because two new and different causes of
action were plead against ICON, and (2) the trial court denied him his due process rights
under both the Texas and United States Constitutions by granting summary judgment on
a theory of res judicata without a full and fair hearing on the merits of his causes of action.
 Background
          On March 21, 2003, Rodriguez, a City of Lubbock employee, filed suit in the 99th
District Court of Lubbock County, against John Leza for injuries he sustained in an
automobile collision in April 2001. After discovery progressed, Rodriguez and Leza agreed
to submit the dispute to mediation. At mediation, on September 30, 2003, the parties
signed a settlement agreement pursuant to Rule 11 of the Texas Rules of Civil Procedure
whereby Leza agreed to pay $6,500 to settle all claims arising out of the collision. In
return, Rodriguez agreed to indemnify Leza from any party claiming an interest in the
settlement proceeds. Rodriguez also agreed to provide Leza either a release or a
negotiated settlement of the claims of HMO Blue, the City of Lubbock’s health insurance
provider, and ICON, the workers’ compensation carrier. 
          Unable to reach an agreement with ICON, Rodriguez did not execute the settlement
documents and instead, on January 8, 2004, without leave of court, filed an amended
petition adding ICON as a defendant and alleging DTPA and Insurance Code violations. 
On July 1, 2004, Leza filed the mediation settlement agreement with the court and moved
to enforce the agreement pursuant to Rule 11. On August 6, 2004, the court held a
hearing; however, neither Rodriguez nor ICON, nor their respective counsel appeared. At
that hearing Leza’s counsel stated, “we would like the Court to sever this case as regards
the claims that are asserted between the original Plaintiff, Rodriguez, and Leza; allow us
to tender the settlement money into the Registry of the Court, pending disposition of the
claims between Rodriguez and [ICON]. . . .” Without further argument, the trial court
responded, “Well, you know, I’ve got a real interesting proposition for the Plaintiff’s lawyers. 
I don’t see any Leave of Court to bring a new party into this lawsuit. . . . So I think we’re
going to grant your relief. Got an Order?” Thereafter, on August 12, 2004, without ICON
having requested any relief, the trial court signed its judgment enforcing the mediation
agreement and dismissing Rodriguez’s claims against both Leza and ICON, with prejudice. 
Rodriguez appealed the trial court’s order without contesting the “with prejudice” provision,
and by opinion dated February 17, 2006, this Court affirmed the trial court’s order.



          Thereafter, on March 17, 2006, Rodriguez filed the underlying suit against ICON in
the County Court At Law No. 3 of Lubbock County asserting the DTPA and Insurance
Code violations alleged in the previous suit and adding new claims for fraud, breach of
contract, and declaratory judgment. ICON pleaded the affirmative defense of res judicata
as a bar to Rodriguez’s suit and moved for summary judgment. The trial court granted
summary judgment and Rodriguez now appeals that judgment.
Standard of Review
          ICON moved for summary judgment based solely on the affirmative defense of res
judicata. Thus, to be entitled to summary judgment, ICON had the burden to prove each
element of that defense as a matter of law. Tex. R. Civ. P. 166a(c); Shah v. Moss, 67
S.W.3d 836, 842 (Tex. 2001); Randall’s Food Markets, Inc. v. Johnson, 891 S.W.2d 640,
644 (Tex. 1995). 
          An appellate court reviews an order granting summary judgment de novo. Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). In reviewing a summary
judgment, this Court must apply well-established standards which are: (1) the movant for
summary judgment has the burden of showing that there is no genuine issue of material
fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is
a disputed material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true; and (3) every reasonable inference must be indulged in
favor of the non-movant and any doubts resolved in its favor. Am. Tobacco Co. v. Grinnell,
951 S.W.2d 420, 425 (Tex. 1997) (citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548-49 (Tex. 1985)). 
          Res Judicata
          The doctrine of res judicata bars the relitigation of claims that have been finally
adjudicated or that arise out of the same subject matter and could have been litigated in
the prior action. Igal v. Brightstar Information Technology Group, Inc., 250 S.W.3d 78, 86 
(Tex. 2008). For res judicata to apply, the following elements must be present: (1) a prior
final judgment on the merits by a court of competent jurisdiction; (2) the same parties or
those in privity with them; and (3) a second action based on the same claims as were
raised or could have been raised in the first action. Id. 
          Much of the difficulty associated with application of the doctrine of res judicata is
due to the common confusion of several related theories, the imprecise and inconsistent
use of the term in legal writings, and the application of the doctrine to bar a claim or cause
of action not actually litigated. Barr v. Resolution Trust Corp., ex rel. Sunbelt Federal
Savings, 837 S.W.2d 627, 628 (Tex. 1992). Generally speaking, res judicata is a generic
term for a group of related concepts concerning the conclusive effect to be given a final
judgment. Id. Res judicata claims fall into two principal categories: (1) claim preclusion
(typically referred to as res judicata); and (2) issue preclusion (typically referred to as
collateral estoppel). Id. at 628. As previously stated, res judicata, or claim preclusion,
prevents the relitigation of a claim or cause of action that has been actually litigated in a
previous suit, as well as related claims “which, through the exercise of diligence, could
have been litigated in a prior suit.” Hallco Texas, Inc. v. McMullen County, 221 S.W.3d
50, 58 (Tex. 2006) (quoting Getty Oil Co. v. Insurance Co. of North America, 845 S.W.2d
794, 799 (Tex. 1992)). Issue preclusion, or collateral estoppel, prevents relitigation of
particular issues that have already been resolved in previous litigation. Barr, 837 S.W.2d
at 628. The sum and substance of the doctrine of res judicata is that once a matter has
been distinctly put in issue and directly determined by a court of competent jurisdiction,
then the matter cannot be relitigated, thereby reducing unnecessary litigation and
promoting confidence and reliance in the finality of litigation. Allen v. McCurry, 449 U.S.
90, 95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). 
          Generally, a dismissal with prejudice functions as an adjudication on the merits and
operates as if the case had been fully tried and decided. See Ritchey v. Vasquez, 986
S.W.2d 611, 612 (Tex. 1999). Therefore, an order dismissing a case with prejudice would
ordinarily have full res judicata effect, barring subsequent relitigation of the same causes
of action or issues between the same parties. See Barr, 837 S.W.2d at 630-31. However,
the dismissal of a claim for failure to comply with a procedural rule, such as misjoinder, is
not a dismissal on the merits. See Thomas v. Knight, 52 S.W.3d 292, 295 (Tex.App.--Corpus Christi 2001, pet. denied). Rather, it is merely an exercise of the trial court’s
discretion, and if the error can be remedied, dismissal with prejudice is unwarranted. See
Hickman v. Adams, 35 S.W.3d 120, 124-25 (Tex.App.–Houston [14th Dist.] 2000, no pet.). 
Therefore, the dismissal of a claim with prejudice, for failure to comply with a procedural
rule that could be remedied, is not a dismissal on the merits and it is not entitled to res
judicata effect. 
          Appellant’s failure to properly join ICON could have been remedied; therefore, the
trial court’s dismissal with prejudice was improper. Because Rodriguez’s claims against
ICON were not actually litigated in the previous suit, and because the trial court’s
unwarranted dismissal with prejudice cannot be asserted as a final determination on the
merits, the doctrine of res judicata is not applicable to the facts of this case. 
          Stated differently, the summary judgment proof in the instant case does not
conclusively establish that a final judgment on the merits was entered in the first suit. See
Stubbs v. Patterson Dental Laboratories, 573 S.W.2d 274 (Tex.Civ.App.–Eastland 1978,
no writ). In Stubbs, the defendant asserted that the prior dismissal of the plaintiff’s claims
“with prejudice” was sufficient to support the trial court’s granting of summary judgment on
the basis of res judicata. In finding that the dismissal with prejudice was not a final
judgment on the merits, the appellate court, inter alia, observed:
when confronted with an order containing a notation of “dismissed with
prejudice” where the dismissal order [is] clearly not on the merits, . . . it [is]
the nature of the action and the character of the judgment that determines
whether it is res judicata, and if the judgment is clearly not on the merits, the
words “with prejudice” add nothing to the effect of the judgment. 
 
Id. at 277.
 
          Here, ICON argues that because Rodriguez did not attack the propriety of the “with
prejudice” statement in his first appeal, the order rendered by the district court constitutes
a final determination on the merits. This reasoning improperly constrains our de novo
review of the summary judgment record. Applying the appropriate standards, our task is
to determine whether ICON conclusively established each element of its affirmative
defense of res judicata. By necessity, that includes a determination of whether the order
rendered by the district court constitutes a final determination on the merits. The summary
judgment record clearly establishes that the district court’s order of dismissal was based
solely upon the failure of Rodriguez to obtain leave of court to add ICON as a defendant,
and not upon the merits of his claim against ICON. Furthermore, the district court’s order
of dismissal was issued sua sponte, without ICON ever seeking dismissal or a
determination of the merits of Rodriguez’s claim. That being the case, it follows that the
district court’s order cannot serve as a basis for the affirmative defense of res judicata. 
Because ICON has not conclusively established the first element of its res judicata
defense, the trial court erred in granting summary judgment. New Claims
          In the second case filed in county court, Rodriguez also added claims for fraud,
breach of contract, and declaratory judgment in addition to the DTPA and Insurance Code
violations which were asserted in the previous suit. Notwithstanding the fact that these
claims could have been brought in the earlier litigation, the same considerations that bar
application of the doctrine of res judicata to the original claims also bar application of the
doctrine to these claims.
          Because the doctrine of res judicata has no application to the facts of this case, I
would sustain point of error one.Due Process Claim
        A fundamental precept of common law adjudication, embodied in the doctrine of res
judicata, is the concept that res judicata cannot apply when the party against whom the
earlier decision is asserted did not have a “full and fair opportunity” to litigate the issue in
the earlier case. Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59
L.Ed.2d 210 (1979). Because Rodriguez did not have a full and fair opportunity to litigate
his claims against ICON, due process considerations should bar application of the doctrine
of res judicata to the facts of this case. Accordingly, I would also sustain point of error two.Conclusion
          Accordingly, I would reverse the judgment and remand this cause to the trial court
for further proceedings consistent with this dissenting opinion.




                                                                           Patrick A. Pirtle

                                                                                 Justice