Angel **RITCHEY** and **Haggar Apparel Company, Petitioners,**

v.

Dominga **VASQUEZ, Respondent.**

No. 98–0788.

Supreme Court of Texas.

Feb. 4, 1999.

---

court are vacated without reference to the merits, and the cause is dismissed as moot.

Robert D. Allen, Gregory F. Cox, Dallas, for Petitioners.

Aaron Pena, Jr., Miguel Salinas, Edinburg, for Respondent.

PER CURIAM.

Respondent sued petitioners, the district court granted summary judgment for petitioners, the court of appeals reversed and remanded, 973 S.W.2d 406, and petitioner appealed to this Court. Respondent has moved to grant the petition for review and dismiss the cause as moot because she no longer wishes to prosecute this litigation. Petitioners agree that the case is now moot but argue that it should be dismissed with prejudice and the court of appeals' opinion vacated. "[I]t is well established that a dismissal with prejudice functions as a final determination on the merits." *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991) (per curiam). But "[d]ismissal for mootness is not a ruling on the merits." *Speer v. Presbyterian Children's Home and Serv. Agency*, 847 S.W.2d 227, 229 (Tex.1993). It follows that in dismissing the cause as moot we cannot make the dismissal with prejudice.

Petitioners move us to vacate the court of appeals' opinion, but we decline to do so, consistent with our usual procedure. *Houston Cable TV, Inc. v. Inwood West Civic Ass'n*, 860 S.W.2d 72, 73 (Tex.1993).

Accordingly, petitioners' motion is denied, respondent's motion is granted in part, the petition for review is granted, the judgments of the court of appeals and of the district