COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-294-CV

 

 

MICHAEL DWYER MCCULLOUGH                                           APPELLANT

 

                                                   V.

 

DOUG DRETKE, ET AL.                                                         APPELLEES

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In one issue, Appellant
Michael Dwyer McCullough argues that the trial court erred by dismissing his
suit with prejudice.  We will affirm.

I. Background and Procedural History








McCullough, a prison inmate,
filed suit on February 22, 2005, against eleven employees of the Texas
Department of Criminal JusticeBCorrectional Institutions Division complaining that the employees
failed to take proper action when another inmate beat McCullough in a prison
cell.  On March 23, 2005, six of the
eleven defendants filed a motion to dismiss under Chapter 14 of the Texas Civil
Practice and Remedies Code, which governs suits brought by an inmate in which
the inmate files an affidavit or unsworn declaration of inability to pay
costs.  See Tex. Civ. Prac. &
Rem. Code Ann. '' 14.002B.004 (Vernon 2002).  The trial
court granted the defendants= motion and dismissed the case without prejudice on April 14, 2005,
for failure to comply with Chapter 14 requirements.

On June 13, 2005, defendant
David Skelton filed a motion to dismiss claiming that McCullough failed to
comply with Chapter 14.  Specifically,
Skelton argued that McCullough made a false allegation of poverty because he
had sufficient funds in his inmate trust account to pay the filing fee and that
McCullough did not satisfy the requirements of section 14.004 because he failed
to provide a sufficient affidavit of previous filings.  See id. '' 14.003(a)(1), 14.004.








The trial court stated that
it would hear the case by submission on or after July 11, 2005.  The trial court did not take action, however,
for approximately two years until Skelton filed a motion to dismiss for want of
prosecution.  On June 22, 2007, the trial
court informed the parties that upon receipt of the second motion to dismiss it
recognized that it had failed to rule on Skelton=s first motion to dismiss.  The
trial court then granted the first motion to dismiss and stated that the second
motion to dismiss for want of prosecution was therefore moot.  The trial court did not state at that time
whether it was dismissing the case with or without prejudice.  On July 5, 2007, the trial court signed an
order dismissing McCullough=s suit with prejudice based on his failure to comply with Chapter
14.  The trial court later filed findings
of fact and conclusions of law, stating that it had dismissed McCullough=s suit because he had made a false allegation of poverty and because
he had failed to state the operative facts of his previous filings as required
by section 14.004 of the civil practice and remedies code.  McCullough then filed this pro se appeal. 

II. Motion to Dismiss Under Chapter 14








In his sole issue, McCullough
does not complain that the trial court erred by dismissing his claim but rather
that the trial court improperly dismissed his claim with prejudice.[2]  McCullough claims that when the trial court
informed both parties by letter that it had failed to rule on Skelton=s original motion to dismiss and that it had decided to grant the
dismissal, the trial court Areflected@ that it was
dismissing McCullough=s case
without prejudice.  The record, however,
does not support McCullough=s claim that the court initially intended to dismiss the case without
prejudice.  Nevertheless, we will address
the issue of whether the trial court abused its discretion by dismissing the
case with prejudice.

Chapter 14 of the civil
practice and remedies code governs suits brought by an inmate in which the
inmate files an affidavit or unsworn declaration of inability to pay
costs.  Tex. Civ. Prac. & Rem. Code
Ann. ' 14.002; Garrett v. Williams, 250 S.W.3d 154, 157 (Tex. App.CFort Worth 2008, no pet.).  The
legislature enacted this statute to control the flood of frivolous lawsuits
being filed in Texas courts by prison inmates because these suits consume many
valuable judicial resources with little offsetting benefits.  Garrett, 250 S.W.3d at 157.  The purpose of chapter 14 is not to punish
inmates for filing claims, but to aid the court in determining whether an
inmate=s claim is frivolous.  Id.








A court may dismiss a claim,
either before or after service of process, if 
the court finds that (1) the allegation of poverty in the affidavit or
unsworn declaration is false; (2) the claim is frivolous or malicious; or (3)
the inmate filed an affidavit or unsworn declaration required by the chapter
that the inmate knew was false.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(a).  In determining
whether a claim is frivolous or malicious, the trial court may consider whether
(1) the claim=s realistic
chance of ultimate success is slight; (2) the claim has no arguable basis in
law or fact; (3) it is clear that the party cannot prove facts in support of
the claim; or (4) the claim is substantially similar to a previous claim filed
by the inmate because the claim arises from the same operative facts.  Id. at ' 14.003(b).

A dismissal with prejudice
constitutes an adjudication on the merits and operates as if the case had been
fully tried and decided.  See Ritchey
v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999); Garrett, 250 S.W.3d at
160.  Thus, orders dismissing cases with
prejudice have full res judicata and collateral estoppel effect, barring
subsequent relitigation of the same causes of action or issues between the same
parties.  See Barr v. Resolution Trust
Corp., 837 S.W.2d 627, 630B31 (Tex. 1992); Garrett, 250 S.W.3d at 160.








A dismissal with prejudice is
improper if the plaintiff=s failure to
comply with the statute=s procedural
requirements can be remedied.  Garrett,
250 S.W.3d at 160; Hickman v. Adams, 35 S.W.3d 120, 125 (Tex. App.CHouston [14th Dist.] 2000, no pet.). 
When reviewing whether the trial court abused its discretion by
dismissing with prejudice, this court should consider whether the petitioner=s error could be remedied with a more specific pleading; if so, a
dismissal with prejudice is improper.  Garrett,
250 S.W.3d at 160; Thomas v. Knight, 52 S.W.3d 292, 294 (Tex. App.CCorpus Christi 2001, pet. denied), cert. denied, 537 U.S. 890
(2002).

Here, the trial court dismissed
the suit in part because McCullough did not provide the operative facts of the
cases that he had previously filed, even though he listed five previous law
suits in his affidavit.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004.  Section 14.004
requires the inmate plaintiff to file an affidavit relating to previous
filings, specifically requiring, among other things, that the plaintiff state
the operative facts for which relief was sought in any previous filings.  See id.; Clark v. Unit,
23 S.W.3d 420, 422 (Tex. App.CHouston [1st Dist.] 2000, pet. denied).  Without this information, the trial court
cannot determine whether the suit is substantially similar to a previous
claim.  Clark, 23 S.W.3d at 422;
Bell v. Texas Dep=t of
Criminal Justice-Inst. Div., 962 S.W.2d 156, 158
(Tex. App.CHouston
[14th Dist.] 1998, pet. denied).  Thus,
if not provided, the trial court is entitled to assume that the suit is
substantially similar to one previously filed by the inmate and is therefore
frivolous.  Clark, 23 S.W.3d at
422; Bell, 962 S.W.2d at 158.








Failing to state the
operative facts of his previous filings is certainly an error that McCullough
could correct by filing a more specific pleading; thus, dismissing the case
with prejudice on those grounds is improper. 
See Williams v. Mooneyham, No. 02-06-00348-CV, 2008 WL 281525, at *3
(Tex. App.CFort Worth
Jan. 31, 2008, pet. denied) (mem. op. on reh=g); See also Thomas, 52 S.W.3d at 295B96.








The trial court, however,
also dismissed the case because it concluded that McCullough made a false
allegation of poverty in his affidavit of indigency.  McCullough alleged that he was unable to pay
the costs of his suit, but he also stated in the affidavit that he received
money from his family, and he attached his trust account with a then-current
balance of $103.92 and a six-month average balance of $184.92.  McCullough has not asked us to determine
whether the trial court abused its discretion in determining that McCullough
made a false allegation, and to the extent that it was McCullough=s intent to raise such a question, the issue is inadequately
briefed.  See Tex. R. App.
38.1(h).  As for the question of whether
it is an abuse of discretion to dismiss a suit when the plaintiff makes a false
allegation of poverty, we hold that it is not.  See Brown v. Highland Park Cafeterias, Inc.,
No. 05-91-01867-CV, 1992 WL 141144 at *1 (Tex. App.CDallas June 16, 1992, no writ) (not designated for publication)
(holding that the trial court is not required to allow the plaintiff to re-file
when he makes a false statement of indigency); see also Garrett,
250 S.W.3d at 160 (stating that the court should consider whether the
petitioner=s error
could be remedied with a more specific pleading).  Thus, we overrule McCullough=s sole issue.

III. Conclusion

Having overruled McCullough=s issue, we affirm the trial court=s judgment.

PER CURIAM

PANEL: 
HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
September 11, 2008

 











[1]See Tex.
R. App. P. 47.4.





[2]In
fact, in his prayer on appeal, McCullough states that the Aruling
of May 2007 should stand.@  The trial court did not make a ruling in May
2007, and McCullough is referring to the letter that the trial court sent to
both parties in June 2007 in which it granted Skelton=s
motion to dismiss but did not specify whether the dismissal was with or without
prejudice.