

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-294-CV

MICHAEL DWYER MCCULLOUGH                                     APPELLANT

V.

DOUG DRETKE, ET AL.                                          APPELLEES

------------

## FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In one issue, Appellant Michael Dwyer McCullough argues that the trial court erred by dismissing his suit with prejudice.  We will affirm.

### I. BACKGROUND AND PROCEDURAL HISTORY

McCullough, a prison inmate, filed suit on February 22, 2005, against eleven employees of the Texas Department of Criminal Justice–Correctional

---

[1] See Tex. R. App. P. 47.4.

Institutions Division complaining that the employees failed to take proper action when another inmate beat McCullough in a prison cell. On March 23, 2005, six of the eleven defendants filed a motion to dismiss under Chapter 14 of the Texas Civil Practice and Remedies Code, which governs suits brought by an inmate in which the inmate files an affidavit or unsworn declaration of inability to pay costs. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002–.004 (Vernon 2002). The trial court granted the defendants' motion and dismissed the case without prejudice on April 14, 2005, for failure to comply with Chapter 14 requirements.

On June 13, 2005, defendant David Skelton filed a motion to dismiss claiming that McCullough failed to comply with Chapter 14. Specifically, Skelton argued that McCullough made a false allegation of poverty because he had sufficient funds in his inmate trust account to pay the filing fee and that McCullough did not satisfy the requirements of section 14.004 because he failed to provide a sufficient affidavit of previous filings. *See id*. §§ 14.003(a)(1), 14.004.

The trial court stated that it would hear the case by submission on or after July 11, 2005. The trial court did not take action, however, for approximately two years until Skelton filed a motion to dismiss for want of prosecution. On June 22, 2007, the trial court informed the parties that upon

2

receipt of the second motion to dismiss it recognized that it had failed to rule on Skelton's first motion to dismiss. The trial court then granted the first motion to dismiss and stated that the second motion to dismiss for want of prosecution was therefore moot. The trial court did not state at that time whether it was dismissing the case with or without prejudice. On July 5, 2007, the trial court signed an order dismissing McCullough's suit with prejudice based on his failure to comply with Chapter 14. The trial court later filed findings of fact and conclusions of law, stating that it had dismissed McCullough's suit because he had made a false allegation of poverty and because he had failed to state the operative facts of his previous filings as required by section 14.004 of the civil practice and remedies code. McCullough then filed this pro se appeal.

## II. MOTION TO DISMISS UNDER CHAPTER 14

In his sole issue, McCullough does not complain that the trial court erred by dismissing his claim but rather that the trial court improperly dismissed his claim *with prejudice*.[2] McCullough claims that when the trial court informed

---

[2] In fact, in his prayer on appeal, McCullough states that the "ruling of May 2007 should stand." The trial court did not make a ruling in May 2007, and McCullough is referring to the letter that the trial court sent to both parties in June 2007 in which it granted Skelton's motion to dismiss but did not specify whether the dismissal was with or without prejudice.

3

both parties by letter that it had failed to rule on Skelton's original motion to dismiss and that it had decided to grant the dismissal, the trial court "reflected" that it was dismissing McCullough's case without prejudice. The record, however, does not support McCullough's claim that the court initially intended to dismiss the case without prejudice. Nevertheless, we will address the issue of whether the trial court abused its discretion by dismissing the case with prejudice.

Chapter 14 of the civil practice and remedies code governs suits brought by an inmate in which the inmate files an affidavit or unsworn declaration of inability to pay costs. Tex. Civ. Prac. & Rem. Code Ann. § 14.002; *Garrett v. Williams*, 250 S.W.3d 154, 157 (Tex. App.—Fort Worth 2008, no pet.). The legislature enacted this statute to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Garrett*, 250 S.W.3d at 157. The purpose of chapter 14 is not to punish inmates for filing claims, but to aid the court in determining whether an inmate's claim is frivolous. *Id*.

A court may dismiss a claim, either before or after service of process, if the court finds that (1) the allegation of poverty in the affidavit or unsworn declaration is false; (2) the claim is frivolous or malicious; or (3) the inmate filed an affidavit or unsworn declaration required by the chapter that the inmate

4

knew was false. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a). In determining whether a claim is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id*. at § 14.003(b).

A dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999); *Garrett*, 250 S.W.3d at 160. Thus, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630–31 (Tex. 1992); *Garrett*, 250 S.W.3d at 160.

A dismissal with prejudice is improper if the plaintiff's failure to comply with the statute's procedural requirements can be remedied. *Garrett*, 250 S.W.3d at 160; *Hickman v. Adams*, 35 S.W.3d 120, 125 (Tex. App.—Houston [14th Dist.] 2000, no pet.). When reviewing whether the trial court abused its discretion by dismissing with prejudice, this court should consider whether the petitioner's error could be remedied with a more specific pleading; if so, a

5

dismissal with prejudice is improper. *Garrett*, 250 S.W.3d at 160; *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied), *cert. denied*, 537 U.S. 890 (2002).

Here, the trial court dismissed the suit in part because McCullough did not provide the operative facts of the cases that he had previously filed, even though he listed five previous law suits in his affidavit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004. Section 14.004 requires the inmate plaintiff to file an affidavit relating to previous filings, specifically requiring, among other things, that the plaintiff state the operative facts for which relief was sought in any previous filings. *See id.*; *Clark v. Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Without this information, the trial court cannot determine whether the suit is substantially similar to a previous claim. *Clark*, 23 S.W.3d at 422; *Bell v. Texas Dep't of Criminal Justice-Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Thus, if not provided, the trial court is entitled to assume that the suit is substantially similar to one previously filed by the inmate and is therefore frivolous. *Clark*, 23 S.W.3d at 422; *Bell*, 962 S.W.2d at 158.

Failing to state the operative facts of his previous filings is certainly an error that McCullough could correct by filing a more specific pleading; thus, dismissing the case with prejudice on those grounds is improper. *See Williams*

6

*v. Mooneyham*, No. 02-06-00348-CV, 2008 WL 281525, at *3 (Tex. App.—Fort Worth Jan. 31, 2008, pet. denied) (mem. op. on reh'g); *See also Thomas*, 52 S.W.3d at 295–96.

The trial court, however, also dismissed the case because it concluded that McCullough made a false allegation of poverty in his affidavit of indigency. McCullough alleged that he was unable to pay the costs of his suit, but he also stated in the affidavit that he received money from his family, and he attached his trust account with a then-current balance of $103.92 and a six-month average balance of $184.92. McCullough has not asked us to determine whether the trial court abused its discretion in determining that McCullough made a false allegation, and to the extent that it was McCullough's intent to raise such a question, the issue is inadequately briefed. *See* Tex. R. App. 38.1(h). As for the question of whether it is an abuse of discretion to dismiss a suit when the plaintiff makes a false allegation of poverty, we hold that it is not. *See Brown v. Highland Park Cafeterias, Inc.*, No. 05-91-01867-CV, 1992 WL 141144 at *1 (Tex. App.—Dallas June 16, 1992, no writ) (not designated for publication) (holding that the trial court is not required to allow the plaintiff to re-file when he makes a false statement of indigency); *see also Garrett*, 250 S.W.3d at 160 (stating that the court should consider whether the petitioner's

error could be remedied with a more specific pleading).  Thus, we overrule McCullough's sole issue.

### III. CONCLUSION

Having overruled McCullough's issue, we affirm the trial court's judgment.

PER CURIAM

PANEL:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  September 11, 2008

8