Affirmed and Majority and Dissenting Opinions filed June 17, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00734-CV

___________________

 

ROBERT KING CONWAY, JR., Appellant

 

V.

 

RAYNALDO CASTRO, WARDEN II, RICHARD THOMPSON
III, ASST. WARDEN, JASON JEATON, ASST. WARDEN, RONALD FOX, MAJOR OF
CORRECTIONAL OFFICERS, NELDA SANDERS, CORRECTIONAL OFFICER IV, MARTINA CORDELL,
CORRECTIONAL OFFICER V OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE--INSTITUTIONAL
DIVISION, MICHAEL UNIT, Appellees



 



 

On
Appeal from the 349th District Court

Anderson County,
Texas



Trial Court Cause
No. 349-5253

 



 

 

MAJORITY OPINION

Robert
King Conway, an inmate in the Institutional Division of the Texas Department of
Criminal Justice (“the Division”), appeals the dismissal of his pro se, in
forma pauperis, action filed against the appellees who are all employees of the Division.  In a
single issue, Conway asserts the trial court abused its discretion in
dismissing his causes of action with prejudice as frivolous for failure to meet the requirements of Chapter 14 of the Texas Civil
Practice and Remedies Code.  We affirm.

I

On June 26, 2003, appellee Nelda Sanders, the supervisor of the craft shop at
the Division’s Michael Unit, notified Conway that his craft-shop privileges had
been revoked and that he must send his craft-shop tools to someone outside the
Michael Unit.  Conway filed several grievances complaining about the
taking of his tools, but received unsatisfactory responses.  Division
employees told him he must request that someone from outside the unit retrieve
his tools or the tools would be destroyed.  Conway asked his sister to
pick up his tools; he testified that she kept the tools she could use, and disposed
of the tools she did not recognize.  

Conway later sued the appellees under 42 U.S.C. § 1983 alleging that their acts
violated his rights to procedural due process and equal protection as
guaranteed by the Fourteenth Amendment to the United States Constitution and
article I, section 19, of the Texas Constitution.  He also alleged that
the appellees committed conversion.  Conway sued
Raynaldo Castro in both his official and individual
capacities, but sued the remaining appellees solely
in their individual capacities.  Without a hearing, the trial court
determined the claims to be frivolous or malicious and dismissed Conway’s suit
with prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies
Code.

Conway appealed the
trial court’s dismissal to the Twelfth Court of Appeals in Tyler.  The
Tyler court found that because Conway had an adequate post-deprivation remedy,
he did not have a cause of action for a due-process violation under section
1983.  Conway v. Castro, 12-03-00373-CV, 2004 WL
1103584, at *2 (Tex. App.—Tyler 2004, no pet.) (memo.
op.).  The Tyler court further held that the trial court erred in
dismissing with prejudice Conway’s causes of action for conversion and equal
protection without holding a hearing.  Id. at *3. 
The court of appeals affirmed the trial court’s dismissal as to Conway’s
section-1983 claim against Raynaldo Castro in his
official capacity and his claim for due-process violations asserted against all
the appellees in their individual capacities. 
The court reversed the dismissal as to Conway’s claims for equal-protection
violations and conversion as to all the appellees,
and remanded to the trial court for further proceedings.

On August 30, 2005, the
trial court held a hearing to determine whether Conway’s conversion and
equal-protection claims were frivolous or malicious pursuant to Chapter
14.  At the hearing, Conway testified that he requested that his tools be
stored in the craft shop when his craft-shop privileges were rescinded, but was
forced to send the tools to his sister or risk having them destroyed.  He
further testified that he learned through inmate-to-inmate mail that the craft
shops at the Robertson Unit and the Beto I Unit store
tools for inmates whose privileges have been suspended rather than require the
tools to be sent outside the unit.  He argued that Administrative
Directive 3.72 was being applied differently to him than it was to other
inmates.

The State presented
evidence that Conway lost his craft-shop privileges because he used another
inmate’s tools to produce craft-shop items for that inmate.  The State
categorized this offense as a “major disciplinary action” because Conway
engaged in “traffic and trade.”  The State argued that none of the appellees converted Conway’s tools because he was allowed
to send his tools to his sister.  The State further argued that Conway’s
equal-protection claim was frivolous because a mere violation of a Division
policy does not constitute a constitutional violation.  At the conclusion
of the hearing, the trial court dismissed Conway’s conversion claim as
“frivolous or malicious,” and ordered the case to “proceed under [the] equal[-]protection claim.”  The court further ordered
discovery to proceed on the equal-protection claim.

After the trial court’s
ruling, the State argued that Conway had not met the requirement of section
14.004 of the Texas Civil Practice and Remedies Code because he failed to
identify each suit previously brought as an inmate proceeding in forma pauperis.  The trial court questioned Conway about a
writ of habeas corpus filed in Beaumont, a case filed in Travis County, and
several federal filings.  Conway answered that he did not remember the
filing in Beaumont, and the other filings were either listed in his unsworn
declaration, or were filed after this suit was filed.  The trial court
decided to “leave its ruling as it has previously ruled,” and ordered that
discovery proceed on the equal-protection claim.

On September 7, 2005,
Conway filed a request for discovery in which he sought (1) names, numbers, and
unit assignments of other inmates who had been denied craft-shop privileges,
(2) the reason for removal of privileges, (3) whether the inmates’ tools were
stored in the unit, or “somehow disposed of,” (4) rules concerning removal of
craft-shop privileges from all units with a craft shop, and (5) his craft-shop
files beginning in 1987, including all tools purchased.  On September 8,
2005, Conway filed an affidavit listing inmates similarly situated, i.e.,
those who were the subject of a major disciplinary action, but were permitted
to store their tools on the unit until privileges were reinstated.

On October 4, 2005, the appellees filed a motion to dismiss on the ground that
Conway’s equal-protection claim is frivolous because it lacks an arguable basis
in law.  See Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(a)(2) (Vernon 2002).  The appellees argued that Conway’s equal-protection claim fails
because he cannot establish that he was treated differently than other
similarly situated inmates without a reasonable basis.  Without holding
another hearing, the trial court dismissed, with prejudice, both the conversion
and the equal-protection claims as frivolous.  From that dismissal order,
Conway appealed.  Pursuant to section 73.001 of the Texas Government Code,
the Texas Supreme Court has transferred this cause from the Twelfth Court of
Appeals to the Fourteenth Court of Appeals.  Tex. Gov’t Code Ann. § 73.001 (Vernon 2005).  

Chapter 14

Chapter 14 of the Civil
Practice and Remedies Code applies to inmate litigation.  See Tex. Civ. Prac. & Rem. Code Ann. §§
14.001–14.014 (Vernon 2002).  A court may dismiss a suit brought
pursuant to that chapter before or after process is served if the court finds
that the claim is frivolous or malicious.  Id. at § 14.003(a)(2).  In determining whether a claim is frivolous or
malicious, the statute provides that the court may consider whether (1) the
claim’s realistic chance of ultimate success is slight; (2) the claim has no
arguable basis in law or in fact; (3) it is clear that the party cannot prove
facts in support of the claim; or (4) the claim is substantially similar to a
previous claim filed by the inmate because the claim arises from the same
operative facts.  Id. at § 14.003(b). 
Dismissal with prejudice constitutes an adjudication
on the merits and operates as if the case had been fully tried and
decided.  Ritchey v. Vasquez, 986 S.W.2d 611, 612
(Tex. 1999). 

Conversion

           
On appeal, Conway asserts the trial court abused its discretion in dismissing appellant’s
causes of action with prejudice as frivolous for failure to meet the
requirements of Chapter 14.  Review of a dismissal under Chapter 14 is
generally controlled by the abuse-of-discretion standard.  Hickson
v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco
1996, no writ).  In his petition, Conway alleged that the actions
of the appellees permanently deprived him of his
personal property even though under Division rules he is entitled to be only
temporarily deprived of his property.  Conversion is the wrongful exercise
of dominion and control over another’s property in denial of or inconsistent
with his rights.  Johnson v. Brewer & Pritchard,
P.C., 73 S.W.3d 193, 210 (Tex. 2002).  At the hearing before
the trial court, Conway stated that if he did not arrange for his tools to be
delivered to someone outside the unit, the tools would be destroyed.  He
admitted that he asked his sister to retrieve his tools, and that she had kept
some of them and disposed of some of them.  Therefore, his sister, not the
appellees, had dominion and control over his
property.  Because Conway’s conversion cause of action lacks an arguable
basis in fact, the trial court did not abuse its discretion in dismissing the
conversion claim.

Equal Protection

Conway also asserts an
equal-protection claim in which he argues that inmates who are similarly
situated have been treated differently than he has been treated. 
Specifically, he alleges that inmates in other units who have been removed from
the craft shop due to major disciplinary cases have been permitted to store
their tools in the unit until their privileges are restored.  At the
hearing, Conway referred to a Division policy of removing craft-shop tools from
inmates when their privileges are suspended.  The appellees
maintain that the policy at the Michael Unit is to require an offender to send
his tools home if he receives one major or two minor disciplinary cases. 

Three months after the
trial court ordered the equal-protection claim to proceed,
the appellees filed another motion to dismiss
Conway’s cause of action.  They alleged that his equal-protection claim is
frivolous because it lacks an arguable basis in law.  Without holding
another hearing, the trial court granted the State’s motion.

Conway’s suit against
the appellees is based on 42 U.S.C. § 1983, which
provides in pertinent part:

Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the District of
Columbia, subjects, or causes to be subjected, any citizen of the United States
or other person within the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the Constitution and laws, shall
be liable to the party injured in action at law, suit in equity, or other
proper proceeding for redress.

The initial analysis in
a section-1983 action is to determine whether (1) the conduct complained of was
committed by a person acting under color of state law; and (2) this conduct
deprived a person of rights, privileges or immunities secured by the
Constitution or the laws of the United States.  Parratt
v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds,
Daniel v. Williams, 474 U.S. 327 (1986).

Conway complains that
the appellees’ actions constituted a denial of his
right to equal protection under the law.  However, Conway has not cited
any authority establishing that he has a right of access to the craft shop or
the tools he used in the shop.  Accordingly, Conway has not adequately
alleged an equal-protection violation under section 1983.  Cf. Thomas
v. Brown, 927 S.W.2d 122, 125 (Tex. App.—Houston [14th Dist.] 1996, writ
denied) (discussing section-1983 claim that inmate was denied access to
courts).  

What Conway has alleged
is that Administrative Directive 3.72 has been unequally applied to inmates in
different units.  But the U.S. Supreme Court has expressly limited the
ability of inmates to derive constitutionally protected rights from “prison
regulations primarily designed to guide correctional officials in the administration
of a prison.”  Sandin v. Conner,
515 U.S. 472, 481–82, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).  The
Court reasoned that permitting litigants to derive constitutional rights from
prison regulations created “disincentives for States to codify prison[-]management procedures” that may otherwise protect
inmates.  Id. at 482.  Accordingly,
the Court limited the scope of inmates’ liberty interests to situations where
the State “imposes atypical and significant hardship . . . in relation to the
ordinary incidents of prison life.”  Id. at 484. 


Because Conway failed to
present evidence that the appellees’ actions deprived
him of a right, privilege, or immunity secured by the Constitution or laws of
the United States, the trial court properly dismissed his equal-protection
claim.  Conway’s issue is overruled.

The judgment of the
trial court is affirmed.

 

 

                                                                                   


                                                                       
/s/        Jeffrey V. Brown

                                                                                   
Justice

 

 

 

Panel consists
of Justices Yates, Frost, and Brown (Frost, J. dissenting).